UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                          Chapter 7

RICONDA MAINTENANCE, INC.,                      Case No.: 21-42842-nhl

                      Debtor.
----------------------------------------------------------x

## STIPULATION TOLLING THE STATUTE OF LIMITATIONS

**WHEREAS**, on November 11, 2021 (the "Petition Date"), Riconda Maintenance, Inc. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, at Brooklyn (the "Bankruptcy Court"); and

**WHEREAS**, David J. Doyaga, Sr. was appointed the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate ("Trustee"); and

**WHEREAS**, the Trustee has asserted that the Debtor's estate may hold certain avoidance claims under Chapter 5 of the Bankruptcy Code and applicable state law against Manzoor Ahmed ("Ahmed") arising from certain pre-petition transfers made by the Debtor to Ahmed; and

**WHEREAS**, the Trustee and Ahmed have reached a settlement in principle of the Trustee's alleged claims without the necessity of commencing litigation, which is subject to written agreement; and

**WHEREAS**, in furtherance of that settlement, Ahmed has agreed to extend any and all statutes of limitations as to such claims or causes of action that may expire after January 31, 2024 in accordance with the terms of this Stipulation.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the undersigned parties hereto as follows:

1. Ahmed agrees that any and all statutes of limitations, repose and/or any other applicable limitations periods imposed under Chapter 5 of the Bankruptcy Code, the New York State Debtor and Creditor Law, other state Uniform Fraudulent Transfer Acts and common law that may be applicable to claims and causes of action that may be asserted by the Trustee or the Debtor's estate against them that have not expired prior to January 31, 2024 shall be tolled from January 31, 2024 to and through March 29, 2024 (the "Tolling Period").

2. In any action commenced by the Trustee prior to the termination of the Tolling Period, Ahmed agrees not to plead or otherwise assert as a defense any statute of limitations, statute of repose, defense of laches, or any other time-based defense, rule, law, or statute that has not expired prior to January 31, 2024 including, *inter alia*, the statute of limitations set forth by section 546(a) of the Bankruptcy Code, and any such action by the Trustee against Ahmed shall, if filed prior to the expiration of the Tolling Period, be deemed to have been timely filed for all purposes as of January 31, 2024.

3. Other than as set forth herein, Ahmed reserves all defenses and other rights that he may have with respect to any claims or causes of action that may be asserted by the Trustee or the Debtor's estate, and this Stipulation shall not be asserted or construed to be a waiver of any right or defense as against the Trustee or the Debtor's estate.

4. This Stipulation is not, and shall not be asserted or construed to be, an admission or indication by any of the parties that they have any actual or potential liability to any other person (whether or not a party to this Stipulation).

5. This Stipulation may be executed in counterparts, each of which shall be deemed an original.

6. The construction and effect of this Stipulation shall be governed by the laws of the State of New York.

7. This Stipulation constitutes the entire Stipulation among the parties hereto concerning the subject matter herein. It cannot be changed, modified or otherwise altered orally, but only by a writing executed and delivered by the parties hereto.

8. An electronic or faxed signature shall be deemed an original signature for the purposes of this Stipulation.

9. The signatories to this Stipulation represent that they have the authority to bind the parties on whose behalf they are signing.

10. This Stipulation shall be effective upon execution by each of the parties.

11. This Stipulation is without prejudice to the rights of the Trustee to seek further extensions of time upon either a consensual stipulation or upon filing of a motion seeking to extend such time, provided that such motion is filed, but not necessarily heard, prior to March 29, 2024.

[*Remainder of Page Intentionally Left Blank*]

12. The Bankruptcy Court may retain jurisdiction over the terms and conditions of this Stipulation.

Dated: January 30, 2024  
      Huntington, New York

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Nico G. Pizzo*  
Nico G. Pizzo  
38 New Street  
Huntington, New York 11743  
Telephone: (631) 423-8527  
Email: npizzo@ajrlawny.com

*Counsel to David J. Doyaga, Sr.*  
*Chapter 7 Trustee of the Estate*  
*of Riconda Maintenance, Inc.*

Dated: January 30, 2024  
      New York, New York

**Klestadt Winters Jureller Southard & Stevens, LLP**

By: */s/Kathleen M. Aiello*  
Kathleen M. Aiello  
200 West 41st Street, 17th Floor  
New York, NY 10036  
Telephone: (212) 972-3000  
kaiello@klestadt.com

**IT IS SO ORDERED**

Dated: February 1, 2024  
      Brooklyn, New York



_Nancy Hershey Lord_  
**Nancy Hershey Lord**  
**United States Bankruptcy Judge**

4