UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                         Chapter 7

RICONDA MAINTENANCE, INC.,                     Case No.: 21-42842-nhl

                       Debtor.
------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and between David J. Doyaga, Sr., solely as Chapter 7 Trustee (the "Trustee") of the Estate (the "Estate") of Riconda Maintenance, Inc. (the "Debtor") on the one hand, and Manzoor Ahmed ("Ahmed" and the Trustee, collectively, the "Parties" and each individually as the "Party") on the other hand. The Trustee, through his undersigned counsel, and Ahmed, through his undersigned counsel, agree to the facts and terms of the Settlement Agreement as follows:

## RECITALS

**WHEREAS**, on November 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, at Brooklyn (the "Bankruptcy Court"); and

**WHEREAS**, David J. Doyaga, Sr. was appointed the Interim Chapter 7 Trustee of the Debtor's Estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's Estate; and

**WHEREAS**, upon information and belief, prior to the Petition Date, the Debtor was engaged in a construction repair business and provided building resurfacing and façade repair services; and

**WHEREAS**, the Trustee has alleged Ahmed is an insider of the Debtor, which Ahmed disputes; and

**WHEREAS**, based upon the Trustee's review of the Debtor's books and records, the Trustee discovered that the Debtor, from the Debtor's checking account and within the one (1) year of the Petition Date, Transferred the sum of $24,500.00 (the "Transfers") to Ahmed, for which the Trustee alleges that the Transfer was made on account of an antecedent debt owed by the Debtor to Ahmed; and

**WHEREAS**, the Trustee made demand upon Ahmed for the value of the Transfers; and

**WHEREAS**, Ahmed disputed the Trustee's allegations and asserted that he has defenses to the claims alleged by the Trustee; and

**WHEREAS**, prior to filing a complaint, the Parties negotiated at arms' length and reached an agreement, subject to the Bankruptcy Court's approval, resolving the Trustee's claims against Ahmed; and

**NOW, THEREFORE**, in consideration of the recitals aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of this Settlement Agreement.

2. **Settlement Consideration**. As consideration for resolving the Transfers, and for the releases set forth in Section 6 below, Ahmed agrees to pay to the Trustee the total amount of $2,000.00 (the "Settlement Sum"), which shall be held by the Trustee in his segregated trustee account pending entry of an order of the Bankruptcy Court approving this Settlement Agreement, by the following installment payments:

    A.  $500.00 shall be remitted on or before February 9, 2024, by certified check made payable to "David J. Doyaga, Sr., as Trustee" and shall be delivered to: David J. Doyaga, Sr., 26 Court Street, Suite 1803, Brooklyn, New York 11242; and

    B.  Following entry of an order approving the settlement but before April 30, 2024, Ahmed will deliver the balance of $1,500 in a lump sum payment (the "Final Payment") to the Trustee by certified check made payable to "David J. Doyaga, Sr., as Trustee" and shall be delivered to: David J. Doyaga, Sr., 26 Court Street, Suite 1803, Brooklyn, New York 11242.

3. **Tolling Statute of Limitations**. Should the Final Payment not be remitted prior to March 29, 2024, Ahmed agrees that any and all statutes of limitations, repose and/or any other applicable limitations periods imposed under Chapter 5 of the Bankruptcy Code, the New York State Debtor and Creditor Law, other state Uniform Fraudulent Transfer Acts and common law that may be applicable to claims and causes of action that may be asserted by the Trustee or the Debtor's estate against him that have not expired prior to March 29, 2024 shall be tolled from March 29, 2024 to and through full payment of the Settlement Sum to the Trustee (the "Tolling Period").

4. **Court Approval.** The terms of the settlement contained within this Settlement Agreement are subject to Bankruptcy Court approval as may be required pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules") by an order of the Bankruptcy Court authorizing the Trustee to enter into and perform the terms of this Settlement Agreement being entered and becoming final and non-appealable. The Trustee agrees to file such stipulations,

dismissals and motions to compromise as required by the Bankruptcy Court and Bankruptcy Rules and Local Rules and to obtain any such approvals.

5. **Denial by Court.** Should the Bankruptcy Court decline to approve the settlement contained within this Settlement Agreement, this Settlement Agreement shall be null and void, shall not be admissible in any court proceeding for any purpose, and the agreement or the fact that the Parties entered into the Settlement Agreement shall not constitute evidence of the truth of any of the Parties' allegations or the admissibility of any evidence that may be offered by the Parties in any court proceeding. In such case, the Trustee shall be free to resume or commence litigation against Ahmed, or any other party deemed appropriate by the Trustee in his sole discretion, and the Trustee shall have 14 calendar days from the entry of an order of the Bankruptcy Court denying this Settlement Agreement to return the Settlement Sum to Ahmed.

6. **Effective Date.** Upon the entry of a final non-appealable order approving the settlement contained within this Settlement Agreement, the Settlement Agreement shall become effective.

7. **Mutual Releases.** Upon the order approving this Settlement Agreement becoming final and non-appealable, and full payment of the Settlement Sum to the Trustee, the Parties shall be deemed to have, and shall have, released and forever discharged each other and their respective professionals, members, officers, employees and agents, and their successors and assigns from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which Parties have, had, may ever had, or may ever claim to have, against each other Party solely as they may arise from or are related to the Transfers.

8. **Proof of Claim.** Notwithstanding the releases set forth in paragraph 6, Ahmed shall maintain his claim against the Estate as filed as claim number 30 for purposes of distribution by the Trustee upon his filing of an interim or final distribution to creditors of the Estate. The Trustee reserves all rights to object to Ahmed's claim, any amendment thereto, or any other claim filed by Ahmed, on any ground.

9. **Fees and Costs**. Each of the Parties to this Settlement Agreement agree to bear their own costs and expenses, including attorneys' fees arising out of the matters raised in this Settlement Agreement.

10. **Modifications to the Settlement Agreement.** This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment or variation in whole or in part shall be subject to approval of the Bankruptcy Court. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising from or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Bankruptcy Rules and the Local Rules of the Bankruptcy Court.

11. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by electronic signature or by facsimile and/or e-mail which shall have the same force and effect as an original signature.

12. **Language Construed as Jointly Drafted by the Parties.** The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

132. **Entire Agreement.** Prior agreements, understandings, or discussions, both written and oral, among the Parties in respect to the resolution recited herein, are merged into this Settlement Agreement. This Settlement Agreement is the entire agreement among the Parties and supersedes all other of the subject matter hereof.

14. **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

15. **Further Assurances.** From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

16. **Illegality.** If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

17. **Governing Law/Jurisdiction.** EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT

ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

18. **No Admission of Liability.** This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission of liability by either of the Parties or by any of their respective present or former directors, officers, employees or agents, which such liability is expressly denied. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with the Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

19. **Acknowledgment of the Parties.** Each of the Parties acknowledges that: (i) he/she/it has relied on their own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) he/she/it has conducted his/her/its own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) he/she/it possesses the knowledge, experience and sophistication to allow him/her/it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

20. **Authorization.** The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

[Remainder of Page Intentionally Left Blank]

**IN WITNESS WHEREOF**, the Parties hereto have executed and delivered this Settlement Agreement as of the date and year below written.

Dated: February 3, 2024  
      Huntington, New York

**Law Offices of Avrum J. Rosen, PLLC**  
*Counsel to David J. Doyaga, Sr.*

By: /s/ Nico G. Pizzo  
Nico G. Pizzo  
38 New Street  
Huntington, NY 11743  
Telephone: (631) 423-8527  
Email: npizzo@ajrlawny.com

Dated: February 3, 2024  
      New York, New York

**Klestadt Winters Jureller Southard & Stevens, LLP**  
*Counsel to Manzoor Ahmed*

By: *Kathleen Aiello*  
Kathleen M. Aiello  
200 West 41st Street, 17th Floor  
New York, NY 10036  
Telephone: (212) 972-3000  
kaiello@klestadt.com